**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 99-4395

DARRYL LAMONT YOUNG,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-97-193)

Submitted: March 31, 2000

Decided: April 19, 2000

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Paul B. DeWolfe, Rockville, Maryland, for Appellant. Lynne A. Bat-
taglia, United States Attorney, Deborah A. Johnston, Assistant United
States Attorney, Barbara S. Skalla, Assistant United States Attorney,
Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Darryl Lamont Young appeals the criminal judgment order convicting him of conspiracy to distribute and possess with intent to distribute cocaine and heroin in violation of 21 U.S.C.A. § 846 (West 1999). On appeal, Young assigns error to the district court's admission of a state conviction for conspiracy to possess with intent to distribute a controlled substance and evidence obtained through the interception of wire and electronic communications, and argues that there was insufficient evidence to convict him of participating in a conspiracy. Finding no error, we affirm.

We find that the district court did not abuse its discretion in admitting the evidence of the 1990 state conviction for conspiracy to possess with intent to distribute a controlled substance. This court has consistently upheld the use of evidence of a defendant's prior drug participation to prove his knowledge in the drug trade, to suggest the defendant was a willing participant, and to disprove mistake or accident. See, e.g., United States v. Sanchez, 118 F.3d 192, 195 (4th Cir. 1997); United States v. Ford, 88 F.3d 1350, 1362 (4th Cir. 1996); United States v. Tanner, 61 F.3d 231, 237 (4th Cir. 1995). We also find that the admission of evidence obtained through use of authorized interception of wire and electronic communications was proper and affirm on the reasoning of the authorizing judge's order. See J.A. 211-19. Finally, we find that there was sufficient evidence to convict Young of the conspiracy count. See United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996) (stating that intent to distribute drugs may be inferred from a quantity of drugs too large for personal consumption); United States v. Mills, 995 F.2d 480, 485 n.1 (4th Cir. 1993) (holding that "evidence of a buy-sell transaction, when coupled with a substantial quantity of drugs, would support a reasonable inference that the parties were coconspirators").

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2